# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60809
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2017

Lyle W. Cayce
Clerk

PEDRO ALEX HERNANDEZ-LOPEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

------------------------------------------------------------------------------------------------------------

cons/w 15-60823

ELSA LOPEZ-LOPEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A202 126 066
BIA No. A205 404 908

No. 15-60809
c/w No. 15-60823

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Elsa Lopez-Lopez and her son, Pedro Alex Hernandez-Lopez, petition for review of separate decisions issued by the Board of Immigration Appeals (BIA), affirming the immigration judge's (IJ) denial of Lopez-Lopez's applications for withholding of removal and relief under the Convention Against Torture (CAT), and Hernandez-Lopez's applications for asylum, withholding of removal, and CAT relief.

We review only the BIA's decision, "unless the IJ's decision has some impact on" that decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo. *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011). Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to that of the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

As a threshold matter, the Government argues that Lopez-Lopez and Hernandez-Lopez have not exhausted their administrative remedies with respect to the particular social group that they assert in their petition for review. The Government is correct. Because Lopez-Lopez and Hernandez-Lopez did not exhaust their claim with respect to the particular social group identified for the first time before the BIA, this court lacks jurisdiction to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60809
c/w No. 15-60823

review their claim based on those characteristics.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

As to the particular social group that Lopez-Lopez preserved for review, the BIA's determination is consistent with this court's rejection of another particular social group defined by its members' relationship to gangs as "too amorphous [and] encompass[ing] a wide swath of society crossing many political orientations, lifestyles, and identifying factors."  *See Orellana-Monson*, 685 F.3d at 522.  Lopez-Lopez also fails to point to record evidence that women subject to violence in Guatemala "would be 'perceived as a group' by society."  *See id.*  As to the particular social group that Hernandez-Lopez preserved for review, this court has repeatedly found no error when the BIA has held that social groups defined similarly to the one defined here are not sufficiently particularized or socially visible to satisfy asylum requirements.  *See e.g., id.* at 516, 521-22.

In any event, even if we were to accept Lopez-Lopez's and Hernandez-Lopez's proposed social groups, the record supports the conclusion that the reported persecution was based upon a personal family dispute and general criminality rather than a protected ground, and so the BIA did not err by denying their request for asylum.  *See e.g., Adebisi v. INS*, 952 F.2d 910, 913 (5th Cir. 1992).  Because Lopez-Lopez and Hernandez-Lopez cannot demonstrate that they are eligible for asylum, they also cannot show that they meet the higher standard for withholding of removal.  *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

The denial of relief under the CAT is also reviewed under the substantial evidence standard.  *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 353 (5th Cir. 2002).  To obtain relief under the CAT, the alien must show that it is more likely than not that she would be tortured if removed to her home country.

*Ramirez-Mejia*, 794 F.3d at 493.  Although evidence of past torture can support a CAT claim, *see* 8 C.F.R. § 1208.16(c)(3), Lopez-Lopez and Hernandez-Lopez point to no evidence that they were ever tortured in Guatemala, and none is apparent from the record.  Moreover, Lopez-Lopez testified that she did not report the incident with the unknown criminals to the police, nor did she know whether the police would have helped her had she reported it.  *See Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014).  The BIA's decisions affirming the IJ's denial of relief under the CAT are supported by substantial evidence.  *See Ontunez-Tursios*, 303 F.3d at 353.

In view of the foregoing, Lopez-Lopez's and Hernandez-Lopez's petitions for review are DISMISSED in part and DENIED in part.